# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KEVIN MAURICE BROWN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CIV-14-1426-R |
| | ) |
| **CORRECTIONS CORPORATION** | ) |
| **OF AMERICA et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

Plaintiff Kevin Maurice Brown, an Oklahoma state prisoner appearing pro se and proceeding *in forma pauperis*, brings this action under 42 U.S.C. § 1983. United States District Judge David L. Russell has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b). Upon review of the pleadings, the undersigned recommends that Plaintiff's claims against Defendants Worsham and Corrections Corporation of America ("CCA") be dismissed and that this action be transferred to the United States District Court for the Eastern District of Oklahoma.

## BACKGROUND

Plaintiff is, and at all times relevant to his Complaint was, incarcerated at Davis Correctional Facility ("DCF") in Holdenville, Oklahoma. *See* Compl., Doc. No. 1, at 1.[1]

---

[1] Citations to documents filed with the Court use the page numbers assigned by the Court's electronic filing system. When quoting documents filed by Plaintiff, the undersigned has altered the capitalization to improve readability.

Plaintiff names ten Defendants who are or were DCF employees, describing each as a "citizen" of Holdenville, Oklahoma.[2] *See id.* at 1-2, 3-6. Additionally, Plaintiff lists CCA, the corporate entity that operates DCF, as a defendant in the caption of his Complaint but does not otherwise mention CCA. *See id.* at 1-10.

Liberally construing Plaintiff's Complaint and incorporated exhibits, Plaintiff alleges that on December 9, 2014, Defendant Doyle, a DCF "Sort Comm," ordered Plaintiff "to lie face [down]" "on the floor," and Plaintiff "immediately obeyed." *See* Compl. at 2, 3. Plaintiff alleges that Defendant Doyle nevertheless choked Plaintiff and kneed Plaintiff in the neck.[3] *See id.* at 2, 3, 7. Plaintiff alleges that "the other C/O put his knee in [Plaintiff's] back at the same time." *Id.* at 3. Plaintiff suggests that this physical encounter injured him by affecting a "disc infuse bone graft." *See id.* at 2.

Plaintiff states that he was then transported "to lock up with no clothes on" and placed in a "dirty" cell that had no lights, mattress, or heat, "with cold air blowing from the vent" and "only a dirty blanket to put on." *Id.* at 2, 3. *But see id.* at 5 (stating that Plaintiff had "no clothes on, but underwear and that was it"). Plaintiff alleges that he received "no hot meals at all for day[]s" and "no cold drinks, or hot drink[]s"—"just brown bags." *Id.* Plaintiff further alleges that there was no soap, shower, or toothpaste,

---

[2] Plaintiff provides only surnames for certain Defendants, including Defendants Doyle, Hicks, Berry, Gentry, Madrid, Riddle, and Worsham. *See* Compl. at 1-2, 3-6.

[3] Plaintiff states that Defendant Doyle "joked" Plaintiff. Compl. at 3. However, from context, it appears Plaintiff intended to state that Defendant Doyle "choked" Plaintiff. *See id.* at 4 (alleging that Defendant Berry, a DCF Unit Manager, "did not stop the officer from putting his hands around my neck").

2

and that Defendant Doyle placed Plaintiff on a 72-hour property restriction "with no medication for day[]s." *Id.* at 2; *see also id.* at 3.

Plaintiff alleges that Defendant Gentry, DCF Chief of Security, approved the 72-hour property restriction, which included "no hot food," "brown bags," "no matt[ress] to sleep on," despite Plaintiff's "medical restrictions." *Id.* at 4. Plaintiff further alleges that Defendants Hicks, Berry, Gentry, Madrid, Riddle, and Worsham witnessed one or more of the circumstances described above but did not intervene. *See id.* at 3-5, 6.

Plaintiff alleges that one or more of the above conditions caused him to be "in pain" and that he is "still in great pain." *Id.* at 5, 7, 8. Plaintiff asserts that he has a "bad knee, bad back, bad neck, [and] high blood pressure, with medical restrictions," and that the conditions detailed above violated those restrictions, including a restriction that would preclude Plaintiff from being denied a mattress for 72 hours. *Id.* at 7. Plaintiff further asserts that on the evening of December 9, 2014, C/O Hudson, who is not a defendant, contacted Defendant Traci Tanner, a DCF nurse, "telling her to please check [Plaintiff's medical] restriction." *See id.* Plaintiff alleges that Defendant Tanner, among other things, observed Plaintiff's conditions of confinement but declined to contact Defendant Riddle, a DCF Captain who was on duty at the time, to notify Defendant Riddle of Plaintiff's alleged medical restrictions. *Id.*

Finally, Plaintiff asserts that "some" Defendants and other DCF staff members are making "threats" against him. *See* Compl. at 9; Letter, Doc. No. 1-8, at 1. Plaintiff thus requests a transfer to another facility and asserts that he "has been and will continue to be irreparably injured by the conduct of the defendants" in the absence of such relief. *See*

3

Compl. at 9; Letter at 1. Plaintiff also seeks compensatory damages and punitive damages. Compl. at 10.

ANALYSIS

A. *Plaintiff's Motion to Amend Complaint*

On February 3, 2015, Plaintiff filed a motion in which he seeks to voluntarily dismiss Defendant Worsham from this civil action. *See* Pl.'s Mot. to Amend, Doc. No. 14. Plaintiff specifically requests that "the Court . . . send no summons with [Defendant Worsham's] name on it." *Id.* The undersigned recommends that Plaintiff's motion be accepted as notice of his voluntary dismissal of his claims against Defendant Worsham, that such motion be granted, and that Plaintiff's claims against Defendant Worsham be dismissed from this lawsuit without prejudice. *See* Fed. R. Civ. P. 15(a)(1).

B. *Court's Screening Obligation*

Because Plaintiff is proceeding *in forma pauperis*, and because he is suing with respect to prison conditions under § 1983, his Complaint is subject to an initial review by the Court. *See* 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). The Court is required to dismiss the Complaint or any portion of it that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1); *see also Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (indicating that court uses same analysis for complaint's sufficiency whether performed sua sponte or pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)).

In accordance with this review process and on its own initiative, the Court may also consider whether proper venue is lacking "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (internal quotation marks omitted); *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 787 (10th Cir. 2010) ("The district court may properly consider . . . venue on a § 1915 screening . . . ."). The Court may accordingly consider whether transfer to another venue would be in the interest of justice. *See* 28 U.S.C. §§ 1404(a), 1406(a); *Trujillo*, 465 F.3d at 1222; *Stjernholm v. Peterson*, 83 F.3d 347, 349 (10th Cir. 1996); *Love's Travel Stops & Country Stores, Inc. v. Oakview Constr., Inc.*, No. CIV-10-235-D, 2010 WL 4811450, at *6 (W.D. Okla. Nov. 19, 2010) ("Any party, or the court acting on its own motion, may raise the issue of whether a change of venue would be in the interest of justice.").

1. Whether Plaintiff Has Stated a Claim Under 42 U.S.C. § 1983 upon Which Relief May Be Granted Against CCA

A private actor such as CCA cannot be held liable under § 1983 solely based on the actions of its employees. *Smedley v. Corr. Corp. of Am.*, 175 F. App'x 943, 946 (10th Cir. 2005) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)); *see also Phillips v. Tiona*, 508 F. App'x 737, 750 (10th Cir. 2013) (collecting § 1983 cases involving private prisons such as those operated by CCA); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (applying municipal direct-liability standard in § 1983 suit against private entity acting under color of state law and discussing inapplicability of vicarious liability). To state a claim upon which relief may be granted under § 1983

against CCA, Plaintiff must present factual allegations to establish three basic elements: (1) an official policy or custom of CCA; (2) caused a violation of Plaintiff's federal right(s); and (3) "was enacted or maintained with deliberate indifference to an almost inevitable" federal right(s) violation.[4] *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769-71 (10th Cir. 2013).

Plaintiff lists CCA as a defendant in the caption of his Complaint but presents no factual allegations involving CCA in the body of the Complaint. *See* Compl. at 1-10. Thus, having failed to allege sufficient facts to satisfy the required elements noted above, Plaintiff has failed to state a claim upon which relief may be granted under § 1983 against CCA.[5] *See Schneider*, 717 F.3d at 770-71. Accordingly, and because Plaintiff asserts no other theory of liability against that entity, Plaintiff's claims against CCA should be dismissed from this lawsuit without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 42 U.S.C. § 1997e(c)(1); *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (noting that although courts construe pro se pleadings liberally, courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf").

---

[4] More specifically as to the second element, Plaintiff must allege facts to establish that the referenced policy or custom either directly violated Plaintiff's federal right(s) or was the "moving force" behind an employee's violation of Plaintiff's federal right(s). *See Schneider*, 717 F.3d at 769-70.

[5] That is, Plaintiff fails to identify any official policy or custom of CCA and, in turn, fails to allege facts to show that such a policy or custom caused a violation of his federal rights and that the policy or custom was enacted or maintained with deliberate indifference to known or obvious consequences that violate federal rights. *See* Compl. at 1-10; *Schneider*, 717 F.3d at 770-71.

### 2. Whether Venue Is Proper in the Western District of Oklahoma

The undersigned proceeds to consider whether venue is proper in this judicial district. In so doing, consideration is given to the nine Defendants other than Defendant Worsham and Defendant CCA.

For this 42 U.S.C. § 1983 action, venue is proper in a judicial district (1) "in which any defendant resides, if all defendants are residents of the State in which the district is located"; or (2) "in which a substantial part of the events or omissions giving rise to the claim occurred." *See* 28 U.S.C. § 1391(b)(1)-(2). The nine remaining Defendants are all natural persons and are all alleged to reside in Holdenville, Hughes County, Oklahoma, which is in the Eastern District of Oklahoma. *See* Compl. at 1-2, 3-6; 28 U.S.C. § 116(b). Further, the events or omissions giving rise to the claims presented in the Complaint occurred exclusively at Davis Correctional Facility, in Hughes County, which lies in the Eastern District of Oklahoma. *See* Compl. at 1-10; 28 U.S.C. § 116(b). Thus, under either venue standard listed above, venue is not proper in this district—the Western District of Oklahoma—but is proper in the Eastern District of Oklahoma. *See* 28 U.S.C. § 1391(b)(1)-(2).

*C. Transfer to Proper Venue*

The Court may transfer a case lacking proper venue if it is in the interest of justice to do so. *See* 28 U.S.C. § 1406(a); *Trujillo*, 465 F.3d at 1222; *Stjernholm v. Peterson*, 83 F.3d 347, 349 (10th Cir. 1996). Plaintiff has paid his initial partial filing fee in this matter and has presented factual allegations that may warrant further review. The undersigned finds that it would be in the interest of justice to transfer this case to the

Eastern District of Oklahoma, thereby curing the venue defect.[6] *See* 28 U.S.C. § 1406(a); *Trujillo*, 465 F.3d at 1222; *Stjernholm*, 83 F.3d at 349.

RECOMMENDATION

For the foregoing reasons, the undersigned recommends that (1) Plaintiff's Motion to Amend Complaint (Doc. No. 14) be accepted as notice of his voluntary dismissal of his claims against Defendant Worsham, that such motion be granted, and that Plaintiff's claims against Defendant Worsham be dismissed without prejudice; (2) Plaintiff's claims against Defendant CCA be dismissed without prejudice for failure to state a claim upon which relief may be granted; and (3) this civil action be transferred to the United States District Court for the Eastern District of Oklahoma for all further proceedings.

NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by May 21, 2015, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

---

[6] If Plaintiff were to file an amended complaint that stated a plausible claim against CCA—an event that could make venue proper in the Western District of Oklahoma, *see* 28 U.S.C. § 1391(b)(1), (c)(2), (d); Fed. R. Civ. P. 15(a)—the undersigned would still recommend that the case be transferred to the Eastern District of Oklahoma because that district has a significantly greater connection to the acts and persons at issue. *See* 28 U.S.C. § 1404(a); *Love's Travel Stops & Country Stores, Inc.*, 2010 WL 4811450, at *6.

This Report and Recommendation terminates the referral in the present case.

ENTERED this 30th day of April, 2015.

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE